**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HILDAWN DESIGN, LLC, | ) | CASE NO. 5:25-cv-1247 |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| RIGHT HERE AT HOME, LLC, | ) | |
| Defendant. | ) | |

Before the Court are plaintiff Hildawn Design, LLC's ("Hildawn") submissions on monetary relief. (Doc. No. 23 (Proposed Schedule and Evidentiary Proffer); Doc. No. 25 (Statutory Damages Brief).) Defendant Right Here at Home, LLC ("RHH") has failed to respond and the time to do so has expired. (Doc. No. 24 (Order Adopting Schedule), at 2.[1]) For the reasons set forth below, the Court **AWARDS** Hildawn $200,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c).

## I. BACKGROUND

Hildawn filed this action on June 13, 2025, and an amended complaint on November 4, 2025, alleging that RHH willfully infringed four of its registered trademarks and sought, *inter alia*,

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

an accounting and disgorgement of RHH's profits and "damages as provided by 15 U.S.C. § 1117[.]" (Doc. No. 1 (Complaint); Doc. No. 11 (Amended Complaint), at 12.) To date, RHH has failed to participate in this action, has produced nothing and, according to Hildawn, communicated only that it has ceased operations and would not answer the complaint. (Doc. No. 23, at 2–3; Doc. No. 23-1 (Affidavit of Hildawn Counsel) ¶¶ 2–4.) On June 18, 2026, the Court granted in part Hildawn's motion for default judgment. (Doc. No. 22 (Memorandum Opinion and Order), at 27–28; *see* Doc. No. 21 (Renewed Motion for Default Judgment).) The Court found that RHH infringed four of Hildawn's registered marks by selling products "that bear marks indistinguishable from Hildawn's trademarks," which are "practically identical to Hildawn's registered marks[.]" (Doc. No. 22, at 11–12.) The Court also found that RHH's infringement was willful because it "nonetheless continued its business activities" after receiving notice.[2] (*Id.* at 12–13, 25.) Among other relief, the Court ordered an accounting of RHH's attributable profits and set a schedule for determining monetary relief. (*Id.* at 25, 27–28.)

On August 17, 2026, Hildawn submitted a proposed schedule and evidentiary proffer requesting that the Court determine appropriate monetary relief on the written record and permit it to elect statutory damages under § 1117(c) in the amount of $50,000.00 for each of the four marks or, alternatively, enter judgment under § 1117(a) and hold the profits figure in abeyance until RHH's financial records become available. (Doc. No. 23, at 1, 8.) On September 25, 2026, the Court found that a live evidentiary hearing was unnecessary, that monetary relief could be determined "on the written record," that statutory damages under § 1117(c) were appropriate

[2] Infringement is willful "if the defendant 'had knowledge that its actions constitute an infringement' . . . [and] continued infringement after notice of his wrongdoing is probative evidence of willfulness." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio 2007) (quoting *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 852 (E.D. Mich. 2006)) (collecting cases); *see also Coach, Inc. v. Cellular Planet*, No. 2:09-cv-241, 2010 WL 2572113, at *2 (S.D. Ohio June 22, 2010) ("A court may infer that a defendant's infringement is willful from the defendant's failure to defend.") (collecting cases).

"because a profits-based accounting is impossible absent RHH's participation," and directed the parties to file briefing on the availability of statutory damages. (Doc. No. 24, at 1); Fed. R. Civ. P. 54(b)(2); *Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009). On October 16, 2026, Hildawn filed its brief electing statutory damages under § 1117(c), explaining their availability,[3] and reiterated its request for $50,000.00 per mark, or $200,000.00 in total. (Doc. No. 23, at 8.)

## II. DISCUSSION

In "a case involving the use of a counterfeit mark" the plaintiff "may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages." 15 U.S.C. § 1117(c). Section 1117(c) prescribes no form for an election, no final judgment has yet been entered, and the Court construes Hildawn's evidentiary proffer and briefing on § 1117(c) statutory damages as a proper election.[4] Section 1117(c) statutory damages do not depend on proof of sales or lost sales; however, the Court must still ensure a legitimate basis for the award. *See Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 675 (N.D. Ohio 2016).

Although the Court has already found that RHH's infringement was willful and thus the enhanced statutory damages cap under § 1117(c)(2) is available, Hildawn's request per mark is within the § 1117(c)(1) statutory cap. *Juul Labs, Inc. v. Fli High, LLC*, No. 1:21-cv-872, 2021 WL 3633512, at *2 (N.D. Ohio Aug. 17, 2021) ("The Lanham Act provides for awards not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for

---

[3] The Court previously found that RHH's products bore "marks indistinguishable from Hildawn's" which suffices under 15 U.S.C. § 1116(d)'s definition of a counterfeit mark for purposes of § 1117(c) statutory damages availability. (*See* Doc. No. 22, at 11–12; *see also* Doc. No. 25, at 4–5.)

[4] Hildawn's proffer asked to elect statutory damages of "$50,000.00 for each of the four counterfeited trademarks" (Doc. No. 23, at 8); the Court directed a brief "electing" that remedy (Doc. No. 24, at 2); and Hildawn's brief states that it "intends to elect" it and asks the Court to award it. (Doc. No. 25, at 1, 6.)

sale, or distributed, as the court considers just. Courts can award up to $2,000,000 per counterfeit mark if they find that the defendant willfully used the counterfeit marks. Within these limits, the Court has broad discretion in awarding damages." (citation modified and citations omitted)). Courts in this circuit have awarded similar amounts in like cases to plaintiffs seeking statutory damages under § 1117(c) after default. *See, e.g.*, *Luxottica Grp., S.p.A. v. 111 Pit Stop, Inc.*, No. 2:19-cv-15, 2020 WL 4287198, at *7–8 (M.D. Tenn. July 27, 2020) (awarding $1,000,000.00 or $100,000.00 per mark after default) (collecting cases); *Coach, Inc.*, 2010 WL 2572113, at *3–4 (similar) (collecting cases); *GS Holistic, LLC v. Big Ape Smokerz, LLC*, No. 23-cv-11907, 2024 WL 3967271, at *3–5 (E.D. Mich. Aug. 28, 2024) (similar) (collecting cases).

The Court finds Hildawn's award request appropriate for five reasons: (1) statutory damages fit this default (*McGee*, 490 F. Supp. 2d at 882); (2) RHH's conduct was willful (Doc. No. 22, at 12–13, 25) and wide-ranging (*see generally* Doc. Nos. 11-5–11-8 (Screenshots of RHH Website)); (3) Hildawn's harm is real but unmeasurable given RHH's default and nonparticipation (*Sweet People Apparel, Inc. v. Chang Grp. LLC*, No. 16-cv-3139, 2017 WL 2469130, at *8 (C.D. Cal. June 6, 2017) (citations omitted)); (4) the Court's award must compensate Hildawn and deter future infringement (*Juul Labs*, 2021 WL 3633512, at *2); and (5) the Court's award is modest—one-*quarter* of the $200,000.00 per-mark, per-type ceiling that applies absent willfulness, and one-*fortieth* of the $2,000,000.00 willful ceiling. The award is neither a windfall nor an inadequate remedy for RHH's willful and broad use of marks practically identical to Hildawn's.

## III. CONCLUSION

For the reasons stated herein, Hildawn's election of statutory damages under 15 U.S.C. § 1117(c) is **ACCEPTED**. The accounting ordered in the Court's June 18, 2026 Memorandum

Opinion and Order is **VACATED**, and Hildawn is **AWARDED** statutory damages in the amount of $200,000.00 against RHH, with post-judgment interest to accrue under 28 U.S.C. § 1961 from June 18, 2026.

**IT IS SO ORDERED**.

Dated: November 19, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**